# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NAM HYUP KANG )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CAPITOL PRODUCE, INC. )<br>d/b/a Super Giant Mart and )<br>SANG YIM, )<br>    Defendants. ) | CIVIL ACTION FILE<br>NO. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff NAM HYUP KANG ("Kang"), by and through his counsel, Brian Kim of Leon and Kim, LLC, files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendants Capitol Produce, Inc. d/b/a Super Giant Mart and Sang Yim (Collectively "Defendants") for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Nam Hyup Kang, named Plaintiff in this action, is an individual who resides in the state of Georgia, County of Gwinnett, which is located in the Northern District of Georgia.

3.

Capitol Produce, Inc. d/b/a Super Giant Mart ("Super Giant Mart") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia.

4.

Super Giant Mart transacts and has transacted regular, not isolated, acts of business in Fulton County, at 5658 Riverdale Rd. Suite M, College Park, GA 30349.

5.

Based upon information and belief, Defendant Super Giant Mart's annual gross volume of sales is more than $500,000, subjecting Defendant Super Giant Mart to the requirements of the FLSA.

6.

Super Giant Mart is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

7.

Defendant Super Giant Mart was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

8.

Defendant Super Giant Mart maintains its website with an address of http://supergiantmartcollegeparkga.com as of January 30, 2017.

9.

Defendant Super Giant Mart maintains a webpage with an address of http://supergiantmartcollegeparkga.com/weekly-ad/ at the website mentioned above at paragraph No. 8 as of January 30, 2017.

10.

The document attached herein marked as "Attachment A" is a fair and

accurate copy of a webpage from the website mentioned above at paragraph No. 9 as of January 30, 2017.

11.

Defendant Super Giant Mart is a grocery store that opens 7 days a week from 8:00am until 9:00pm.

12.

Defendant Super Giant Mart accepts American Express, Mastercard, Visa, Debit, Cash, Checks & EBT.

13.

Defendant Super Giant Mart posts on its website mentioned above at Paragraph No. 8 through 10, the items either featured or of discounted-price(s) periodically like "Prices good Jan. 18 through Jan. 31, 2017" on January 30, 2017, for example.

14.

Defendant Sang Yim is an individual and believed to reside in the state of Georgia.

15.

The Defendant Sang Yim is and was at all times relevant to this action an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

16.

According to the Georgia Secretary of State's Business Entity Annual Report, Defendant Sang Yim is and was at all times relevant to this action CEO of Super Giant Mart.

17.

As the CEO, Defendant Sang Yim was involved in the day-to-day operation of Defendant Super Giant Mart, including, without limitation, the policies governing the company, leading and directing the work of others, and formulating and implementing plans for the company.

18.

Defendant Sang Yim exerts substantial control over Defendant Super Giant Mart in compliance with the definition of "employer" under the Fair Labor Standard Act of 1938.

19.

Defendant Sang Yim has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Super Giant Mart in the same capacity as Plaintiff.

20.

Defendant Sang Yim controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Super Giant Mart in the same capacity as Plaintiff.

21.

Defendant Sang Yim determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant Super Giant Mart in the same capacity as Plaintiff.

22.

At all times relevant to this action, Defendant Sang Yim oversaw and had the responsibility for maintaining employment records including, without limitation, individuals employed by Defendant Super Giant Mart in the same capacity as Plaintiff.

23.

Defendant Sang Yim is and was at all times relevant to this action the owner of Defendant Super Giant Mart, and acted directly or indirectly as Plaintiff's employer.

24.

Defendant Sang Yim is subject to the requirements of the FLSA because he was working on behalf of Defendant Super Giant Mart and exerts control over employees.

25.

Defendant Sang Yim was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

26.

Based on information and belief, Defendant Sang Yim has an ownership interest in Defendant Super Giant Mart.

27.

According to the Secretary State of Georgia, Defendant Sang Yim hold titles of CFO, CEO, and Secretary of Defendant Capitol Produce, Inc.

28.

As an employer who engaged in commerce, Defendant Super Giant Mart is subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

29.

As an employer who engaged in commerce, Defendant Sang Yim is subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

30.

Defendant Super Giant Mart was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

**<u>Jurisdiction</u>**

31.

Jurisdiction over this action is conferred in this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

**<u>Venue</u>**

32.

The unlawful employment practices were committed within the state of Georgia, County of Fulton. Venue is proper in this District pursuant to 28 U.S.C.A. § 1391(b).

## Facts

30.

Plaintiff is a former employee of Defendants.

31.

From early March 2015 to end May 2015, Plaintiff was employed by Defendants.

32.

Throughout their employment with Defendants, Plaintiff was given the title of "manager."

33.

The primarily duties of the Plaintiff was manual and not managerial.

34.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart included cutting, weighing, wrapping, packing, scaling, and/or labeling beef, chicken, pork, lamb, any other kind of meat of the Meat Department, and/or any other product in Defendant Super Giant Mart' store.

35.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart included transporting, picking up, dropping, and/or driving for other

employees of Defendant Super Giant Mart to/from their residence and/or Defendant Super Giant Mart's store.

36.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart included lifting and/or stocking heavy box(es), equipment(s), product(s), and/or merchandise(s) that belongs to Defendant Super Giant Mart.

37.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart included cleaning, arranging, stocking, and/or lining up beef, chicken, pork, lamb, any other kind of meat of the Meat Department, any other merchandise, and/or any other product in Defendant Super Giant Mart's store.

38.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart included cleaning floor(s), displaying shelf(s), knife(s), chopping board(s), sink(s), refrigerator shelf(s), display glass window(s), and/or any other equipment in Defendant Super Giant Mart's store.

39.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart included receiving order(s) from customer(s) in Defendant Super Giant Mart's store.

40.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart includedpick up, scale, label, cut, wrap, and/or pack beef, chicken, pork, lamb, any other kind of meat of the Meat Department per the order(s) from customer(s) in Defendant Super Giant Mart's store.

41.

Plaintiff's ordinary duties during the employment with Defendant Super Giant Mart includedperform other job and/or to replace, substitute, or back up other employee(s) who was absent for work in Defendant Super Giant Mart's store.

42.

Plaintiff carried out the day-to-day business affairs of Defendants' company and not involved in determining the overall course of business.

43.

Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of Defendants' employees were not given particular weight.

44.

Plaintiff did not have the authority to hire or fire Defendants' employees.

45.

Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to Defendants' matters of significance.

46.

Plaintiff never exercised discretion and independent judgment with respect to matters significant to any of the Defendants.

47.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 *et seq.*

48.

While working for Defendants, Plaintiff was paid in cash and/or check.

49.

At all times relevant herein, Plaintiff's regular weekly wage was $1,000.00.

50.

Defendants paid $500.00 of Plaintiff's weekly wages in cash.

51.

While employed by Defendants, Plaintiff's work schedules were controlled by Defendants.

52.

Defendants had Plaintiff consistently work for 72 hours or more per week.

53.

Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

54.

Defendants had direct control over Plaintiff's work schedule during Plaintiff's employment with Defendants.

55.

Defendants required Plaintiff to consistently work for more than forty (40) hours a workweek without overtime compensation.

56.

Plaintiff was compelled to drive for the purpose of assisting the other employees of the Defendants to commute.

57.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for the worked in excess of forty in a workweek.

**FIRST CAUSE OF ACTION**
**Violation of FAIR LABOR STANDARD ACT (FLSA)**

58.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

59.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

60.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times their regular hourly rate of pay for their overtime work.

61.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Plaintiff was paid at this regular hourly rate for hours worked.

62.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

63.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $9,750.00.

64.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work with Defendants.

65.

Defendants, jointly and severally, owe Plaintiff overtime pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

66.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendants violated sections 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Plaintiff against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff against Defendants, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

7. Such other, further and different relief as this Court deems appropriate.

This 31st day of January, 2017.

                Leon and Kim, LLC

                By: */s/ Ellen Lee*
                Ellen Lee
                Georgia. Bar No. 312415

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile: 678.878.4208
E-Mail: Ellen@leonandkim.com